**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rufino FARFAN–MARTINEZ,**
**Defendant–Appellant.**

No. 07–50265.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed Jan. 2, 2008.

Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Robert R. Hessler, Jr., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, BYBEE, Circuit Judge, and WU *, District Judge.

## MEMORANDUM **

Appellant Rufino Farfan–Martinez ("Appellant") appeals the district court's imposition of a twelve month sentence following his guilty plea to a one-count information charging him with violating 8 U.S.C. § 1324(a)(1)(A)(i) and (v)(II). Appellant raises three issues: 1) whether the Government breached its plea agreement with Appellant, 2) whether the district court improperly considered uncharged and unadjudicated matters as "relevant conduct" under Section 1B1.3 of the United States Sentencing Guidelines ("U.S.S.G."), and 3) whether the recent Supreme Court decision in *Rita v. United States*, — U.S. —, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), requires reversal of Appellant's sentence. The facts and procedural posture are known to the parties and are not repeated here.

■ Appellant first argues that reversal and remand to a different sentencing judge is necessary because the Government breached its promise in the plea agreement to recommend a sentence of six months by contradicting that recommendation. Even under a *de novo* standard of review, it is clear that the Government did

not breach its agreement as to the recommended sentence.

Contrary to Appellant's argument, the Government never wavered from its agreed-upon sentencing recommendation. The sentencing summary chart that the Government submitted to the district court indicated a total offense level consistent with the parties' agreement and recommended a six-month sentence. The Assistant United States Attorney reiterated that recommendation after it became clear that the district court *sua sponte* was inclined to increase Appellant's offense level due to the contents of the Presentence Report and would not, therefore, be following the parties' plea agreement in regards to sentencing. As the plea agreement (and the parties) recognized, the Government had no power to force the district court to adopt the parties' joint recommendation. The Government's statements at sentencing merely reflect its understanding that the district court had the power to depart from the recommended sentence and that the Government was powerless to prevent it from doing so. Despite the Government's recommendation, the district court simply declined to follow it. The Government cannot be said to have breached its plea agreement with Appellant simply because the district court declined to go along with that agreement's recommendation.

■ Appellant next argues that the district court erred in concluding that the uncharged May 10, 2006 crossing and multiple prior border apprehensions were "relevant conduct" which consequently permitted a three-level increase in the base offense level under U.S.S.G. § 2L1.1(b)(2). "A sentencing judge may

---

* The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

consider 'uncharged and unadjudicated' conduct for sentencing purposes if it is deemed 'relevant conduct.' " *United States v. Williamson*, 439 F.3d 1125, 1138 (9th Cir.2006). "[S]pecific offense characteristics" may be determined on the basis of acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2).

The district court's interpretation of "relevant conduct" was consistent with and reasonable in light of Application Notes 9(A) and 9(B) to U.S.S.G. § 1B1.3, which illuminate the meaning of "common scheme or plan" and "same course of conduct," respectively. Application Note 9(A) indicates that "[f]or two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi." *See also United States v. Nichols*, 464 F.3d 1117, 1123 (9th Cir. 2006). Even if the offenses do not qualify as part of a common scheme or plan, they may qualify as part of the same course of conduct "if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." U.S.S.G. § 1B1.3, App. Note 9(B). The determining factors in that consideration are "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id.*; *see also Nichols*, 464 F.3d at 1123. Here, Appellant's May 10, 2006 arrest would fit either or both of the "relevant conduct" explanations under Application Notes 9(A) and 9(B).

■ Finally, Appellant appears to argue that because the district court engaged in fact finding in order to increase his sentence, it violated the Sixth Amendment in light of the Supreme Court's recent deci-sion in *Rita* and, hence, his sentence must be reversed as unreasonable. Appellant contends that "appellate courts cannot affirm sentences on 'excessiveness review' if that affirmance turns on a judge-found fact." Simply stated, Appellant has elected to take a position which ignores the plain language of the majority's opinion in *Rita*, which permits a "presumption of reasonableness" in cases in which a judge's sentence relies on some facts found only by the judge and is still within the Guidelines range. *See Rita*, 127 S.Ct. at 2465–66. Appellant's sentence is not unreasonable and no reversal is required.

**AFFIRMED.**